FILED by DS D.C.

ELECTRONIC

**SEPT 24, 2008**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### CASE NO. :

# 08-61518-CIV-SEITZ/O'SULLIVAN

SECURITIES AND EXCHANGE COMMISSION,      )
                                              )

                    Plaintiff,      )

v.      )

                          )

NORMAN STUMACHER,      )

                               )

                    Defendant.      )

_____)

## COMPLAINT

Plaintiff Securities and Exchange Commission alleges:

### I. INTRODUCTION

1.  Norman Stumacher, a certified public accountant, while serving as auditor to Video Without Boundaries, Inc. ("Video"), a then Fort Lauderdale, Florida-based consumer electronics company, issued audit reports falsely stating Video's financial statements were presented in conformity with generally accepted accounting principles ("GAAP").  Stumacher's reports further falsely represented that his audits were conducted in accordance with generally accepted auditing standards ("GAAS").

2.  These representations were false because Video's financial statements contained numerous departures from GAAP.  In fact, because Video's management engaged in a massive accounting fraud, Video's Forms 10-KSB for 2002 and 2003 materially overstated the company's revenues and assets and materially understated its net losses.  Moreover, contrary to Stumacher's audit reports, his audits were not conducted in accordance with GAAS because he utterly failed to comply with professional standards related to field work and general standards in the performance of his audits.

## II.  DEFENDANT

3.     Stumacher, 81, resides in Bellmore, New York.  He has been licensed as a CPA in New York since 1965, and his license is active through September 2008.  He was also admitted to practice law in New York in 1962.  Video engaged Stumacher as its auditor from April 2001 to February 2005.

## III.  JURISDICTION AND VENUE

4.     This Court has jurisdiction over this action pursuant to Sections 21(d) and 27 of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§ 78u(d) and 78aa.

5.     Venue is proper in the Southern District of Florida because many of Stumacher's acts constituting violations of the Exchange Act occurred in the Southern District of Florida. Video's principal office was located in the Southern District of Florida.

6.     Stumacher, directly and indirectly, has made use, in the United States, of the means or instrumentalities of interstate commerce, the means or instruments of transportation or communication in interstate commerce, and/or the mails, in connection with the acts, practices, and courses of business set forth in this complaint.

## IV. VIDEO'S FNANCIAL STATEMENTS WERE NOT PRESENTED IN CONFORMITY WITH GAAP

7.     Video, incorporated in 1999, is a consumer electronics company based in Fort Lauderdale, Florida.  Since 1999, Video's common stock has been registered with the Commission pursuant to Section 12(g) of the Exchange Act.  Video changed its name to MediaREADY, Inc. in August 2006 and, in April 2008, again changed its name to China Logistics Group, Inc.

8.     Stumacher audited Video's 2002 and 2003 annual financial statements and issued audit reports containing unqualified audit opinions, representing that the financial statements were presented in conformity with GAAP and that he conducted his audits in accordance with generally

2

GAAS.  As described below, these representations were false.

### A.  Video's 2002 Revenues Were Not Presented in Conformity with GAAP

9.    In May 2002, Video signed a consulting agreement to provide services to Cornerstone Entertainment, Inc., an entertainment company, in exchange for 650,000 shares of Cornerstone stock.  Although Video received the shares, it never provided any services to Cornerstone.  Yet, in its 2002 Form 10-KSB, contrary to GAAP, Video improperly recognized $325,000 in revenues for services provided to Cornerstone.  This directly contradicted Video's statements in its 2002 Form 10-KSB that it recognized services "when the services are performed."  Furthermore, the $325,000 constituted 98% of Video's reported $331,000 revenue for the year.

10.    Moreover, in its 2002 and 2003 annual filings, Video reported a $114,000 stock dividend of Cornerstone shares to Video shareholders, even though Video never issued such a dividend.  Video did not reverse these baseless entries until it filed its amended 2002 Form 10-KSB in June 2005.

### B.  Video's 2003 Revenues Were Not Presented in Conformity with GAAP

11.    Graphics Distribution, Inc. ("Graphics"), a distributor of Video's products since 2003, is in the business of developing, selling, and distributing electronic products.  Video and Graphics had an informal understanding under which Video could ship its products to Graphics' warehouse, but Graphics was not obligated to pay for them until it sold the products to third parties.

12.    Video used this arrangement with Graphics to inflate its revenue in 2003.  In its 2003 Form 10-KSB, nearly 99% of Video's reported revenue – $189,000 of about $191,000 – was based on Video's purported sales to Graphics.  In fact, Video did not sell any merchandise to Graphics in 2003.   The company simply inflated its revenue by fraudulently recognizing

products shipped to Graphics for potential sales as actually having been sold.

### C.  Video Restates its Financial Statements

13.    In February 2005, Video retained a new auditor who determined it could not rely on the 2002 and 2003 audits.  As a result, Video restated its financial statements for the year ended December 31, 2002 in June 2005 and again in September 2005.  Video restated its financial statements for the year ended December 31, 2003 in September 2005.  The restatement showed Video's accounting fraud had created material misstatements of the company's revenues, net losses, and total assets, as shown in the following table:

| Period Ended | Filing Type | Revenues | | | Net Loss | | | Total Assets | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | Originally Reported | As Restated | % Misstated | Originally Reported | As Restated | % Misstated | Originally Reported | As Restated | % Misstated |
| 12/31/02 | 10-KSB | $330,621 | $5,621 | 5,782% | $(923,076) | $(1,054,702) | 12% | $394,545 | $104,888 | 276% |
| 12/31/03 | 10-KSB | $190,770 | $1,770 | 10,678% | $(1,262,302) | $(1,870,252) | 33% | $874,877 | $519,673 | 68% |

As the table above illustrates, Video's financial statements for 2002 and 2003 were not presented in conformity with GAAP.

### V.  STUMACHER FAILED TO EXERCISE PROFESSIONAL DUE CARE IN CONNECTION WITH VIDEO'S 2002 AND 2003 AUDITS

14.    Stumacher issued audit reports containing unqualified audit opinions on Video's 2002 and 2003 annual financial statements, representing that he conducted his audits in accordance with GAAS.   These representations were false because Stumacher's audits constituted significant departures from GAAS and professional standards related to field work, including standards related to evidential matter, audit risk and materiality, consideration of fraud, analytical procedures and documentation, and general standards, including due professional care in the performance of the audits.

15.    Under the professional standards related to field work, Stumacher failed to consider audit risk, fraud, and materiality when planning and performing the audits of Video's financial statements.  Stumacher did not develop nor document any audit procedures to assess audit risk. He failed to consider adequately audit risk or identify significant business risks or unusual reporting issues.

16.    Additionally, in performing his field work, Stumacher was required to obtain corroborating evidential matter to support the accounting information Video provided.  However, Stumacher failed to review any corroborating evidential matter, other than the Cornerstone consulting agreement provided to him by Video's management.  He made no other efforts to obtain or review any corroborating evidential matter concerning that agreement, the value of the Cornerstone stock, or the 2003 recorded sales to Graphics.

17.    Among other failures related to the auditing standards of field work, Stumacher failed to verify or perform any tests on any of the account balances in the general ledgers, failed to perform any procedures to identify related party transactions, and failed to perform any analytical procedures.

18.    Stumacher also failed to prepare and maintain audit documentation to support his audit conclusions or to show a reasonable basis for his audit reports containing unqualified opinions on Video's 2002 and 2003 financial statements.  Stumacher failed to create any audit programs, worksheets, schedules or analyses, planning or other memoranda, engagement or management representation letters, or documents reflecting that he observed auditing standards

19.    Video paid Stumacher $50,000 in connection with his audits of the company's 2002 and 2003 financial statements.

## VI.  CLAIMS FOR RELIEF

### COUNT I

**Stumacher Violated Section 10(b) of the
Exchange Act and Rule 10b-5**

20.   The Commission repeats and realleges its allegations set forth in paragraphs 1 through 19 of this complaint as if fully restated herein.

21.   In connection with his audits of Video's 2002 and 2003 financial statements, Stumacher, directly and indirectly, by use of the means or instruments of transportation or communication in interstate commerce or by use of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of securities, as described herein, knowingly, willfully, or recklessly: (i) employed devices, schemes or artifices to defraud; (ii) made untrue statements of material facts and omitted to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and/or (iii) engaged in acts, practices and courses of business which have operated, are now operating and will continue to operate as a fraud upon the purchasers of such securities.

22.   By reason of the foregoing, Stumacher, directly and indirectly, violated Section 10(b) of the Exchange Act,15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

## RELIEF REQUESTED

**WHEREFORE**, the Commission respectfully requests that the Court:

### I.

## Declaratory Relief

Declare, determine and find that Stumacher has committed the violations of the federal securities laws alleged herein.

### II.

## Disgorgement

Issue an order directing Stumacher to disgorge all ill-gotten profits or proceeds he received as a result of the acts and/or courses of conduct alleged in this complaint with prejudgment interest.

### III.

## Penalties

Issue an order directing Stumacher to pay a civil money penalty pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d); and Section 21(d) of the Exchange Act, 15 U.S.C. § 78(d)(3).

### IV.

## Further Relief

Grant such other and further relief as may be necessary and appropriate.

### V.

## Retention of Jurisdiction

Further, the Commission respectfully requests that the Court retain jurisdiction over this action in order to implement and carry out the terms of all orders and decrees that may hereby be

entered, or to entertain any suitable application or motion by the Commission for additional relief within the jurisdiction of this Court.

Respectfully submitted,

September 24, 2008          By: _____

C. Ian Anderson
Senior Trial Counsel
New York Reg. No. 2693067
Telephone: (305) 982-6317
Email: andersonci@sec.gov

Drew D. Panahi
Senior Counsel
California Bar No. 224352
Telephone: (305) 416-6295

Attorneys for Plaintiff
**SECURITIES AND EXCHANGE COMMISSION**
801 Brickell Avenue, Suite 1800
Miami, Florida 33131
Telephone: (305) 982-6300
Facsimile:   (305) 536-4146

JS 44 (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)    **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

**SEPT 24, 2008**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## I. (a) PLAINTIFFS

SECURITIES AND EXCHANGE COMMISSION

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
C. Ian Anderson, Esq., Senior Trial Counsel
Securities and Exchange Commission
801 Brickell Avenue, Suite 1800
Miami, FL 33131  (305) 982-6317

## DEFENDANTS

NORMAN STUMACHER

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

Attorneys (If Known)  Allan Lerner, Esq.
2888 East Oakland Park Blvd.
Ft. Lauderdale, FL 33306  (954) 563-8111

**(d)** Check County Where Action Arose: ❏ MIAMI- DADE  ❏ MONROE  ☒ BROWARD  ❏ PALM BEACH  ❏ MARTIN  ❏ ST. LUCIE  ❏ INDIAN RIVER  ❏ OKEECHOBEE HIGHLANDS

| II. BASIS OF JURISDICTION (Place an "X" in One Box Only) | III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) |
|---|---|

II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☒ 1  U.S. Government Plaintiff

❏ 3  Federal Question (U.S. Government Not a Party)

❏ 2  U.S. Government Defendant

❏ 4  Diversity (Indicate Citizenship of Parties in Item III)

III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated or Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated and Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

*FTL 08CV/01518  Seitz/O'Sullivan*

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | ❏ 610 Agriculture | ❏ 422 Appeal 28 USC 158 | ❏ 400 State Reapportionment |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 362 Personal Injury - Med. Malpractice | ❏ 620 Other Food & Drug | ❏ 423 Withdrawal 28 USC 157 | ❏ 410 Antitrust |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 365 Personal Injury - Product Liability | ❏ 625 Drug Related Seizure of Property 21 USC 881 | | ❏ 430 Banks and Banking |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | ❏ 368 Asbestos Personal Injury Product Liability | ❏ 630 Liquor Laws | **PROPERTY RIGHTS** | ❏ 450 Commerce |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability | | ❏ 640 R.R. & Truck | ❏ 820 Copyrights | ❏ 460 Deportation |
| ❏ 151 Medicare Act | ❏ 340 Marine | **PERSONAL PROPERTY** | ❏ 650 Airline Regs. | ❏ 830 Patent | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ❏ 345 Marine Product Liability | ❏ 370 Other Fraud | ❏ 660 Occupational Safety/Health | ❏ 840 Trademark | ❏ 480 Consumer Credit |
| | ❏ 350 Motor Vehicle | ❏ 371 Truth in Lending | ❏ 690 Other | | ❏ 490 Cable/Sat TV |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 355 Motor Vehicle Product Liability | ❏ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ❏ 810 Selective Service |
| ❏ 160 Stockholders' Suits | ❏ 360 Other Personal Injury | ❏ 385 Property Damage Product Liability | ❏ 710 Fair Labor Standards Act | ❏ 861 HIA (1395ff) | ☒☒ 850 Securities/Commodities/Exchange |
| ❏ 190 Other Contract | | | ❏ 720 Labor/Mgmt. Relations | ❏ 862 Black Lung (923) | ❏ 875 Customer Challenge 12 USC 3410 |
| ❏ 195 Contract Product Liability | | | ❏ 730 Labor/Mgmt.Reporting & Disclosure Act | ❏ 863 DIWC/DIWW (405(g)) | ❏ 890 Other Statutory Actions |
| ❏ 196 Franchise | | | ❏ 740 Railway Labor Act | ❏ 864 SSID Title XVI | ❏ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ❏ 865 RSI (405(g)) | ❏ 892 Economic Stabilization Act |
| ❏ 210 Land Condemnation | ❏ 441 Voting | ❏ 510 Motions to Vacate Sentence | ❏ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ❏ 893 Environmental Matters |
| ❏ 220 Foreclosure | ❏ 442 Employment | **Habeas Corpus:** | ❏ 791 Empl. Ret. Inc. Security Act | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 894 Energy Allocation Act |
| ❏ 230 Rent Lease & Ejectment | ❏ 443 Housing/ Accommodations | ❏ 530 General | | ❏ 871 IRS—Third Party 26 USC 7609 | ❏ 895 Freedom of Information Act |
| ❏ 240 Torts to Land | ❏ 444 Welfare | ❏ 535 Death Penalty | **IMMIGRATION** | | ❏ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 540 Mandamus & Other | ❏ 462 Naturalization Application | | |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other | ❏ 550 Civil Rights | ❏ 463 Habeas Corpus-Alien Detainee | | ❏ 950 Constitutionality of State Statutes |
| | ❏ 440 Other Civil Rights | ❏ 555 Prison Condition | ❏ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1  Original Proceeding  ❏ 2  Removed from State Court  ❏ 3  Re-filed- (see VI below)  ❏ 4  Reinstated or Reopened  ❏ 5  Transferred from another district (specify)  ❏ 6  Multidistrict Litigation  ❏ 7  Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).

(See instructions second page):

a) Re-filed Case ❏ YES ❏ NO    b) Related Cases ❏ YES ❏ NO

JUDGE _____    DOCKET NUMBER _____

## VII. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (**Do not cite jurisdictional statutes unless diversity**): Violation of Securities Laws 15 U.S.C.§§ 77t(b), 77t(d), 77v(a) 15 U.S.C. §§ 78u(d), 78u(e) and 78aa.

LENGTH OF TRIAL via _____ days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ Civil Penalty Disgorgement    CHECK YES only if demanded in complaint: JURY DEMAND: ❏ Yes ❏ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD
s/ _____

DATE  09/24/2008

**FOR OFFICE USE ONLY**

AMOUNT _____    RECEIPT # _____    IFP _____